IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3009 |
| vs. | |
| LUIS JORDAN, | ORDER |
| Defendant. | |

    This matter is before the Court on the defendant's notice of appeal (filing 53) and the memoranda prepared by the Clerk of the Court requesting guidance as to the timeliness of the notice of appeal (filing 54) and the defendant's *in forma pauperis* status (filing 55).

    The defendant was sentenced on July 29, 2013, to a 60-month term of imprisonment, 4 years of supervised release, and a $100 special assessment. Filing 41. On the same day, the defendant filed a notice of right to appeal, which clearly stated the time limit for filing an appeal. Filing 43. Judgment was entered on August 5. Filing 47. And no tolling motions were filed in this case. *See* Fed. R. App. P. 4(b)(3)(A).

    The defendant's notice of appeal was filed on April 7, 2014. Filing 53.[1] The notice of appeal is expressly taken from the judgment. Filing 53 at 1. The notice of appeal recites that it is "therefore filed within the time specification established in RULE 4(b) of the Federal Rules of Appellate Procedure." Filing 53 at 1. But saying that does not make it so. As relevant to this case, Fed. R. App. P. 4(b)(1)(A)(i) provides—and the defendant was informed—that a notice of appeal in a criminal case must be filed within 14 days of the entry of the judgment. *See* filing 43 at 3.

    The defendant's notice of appeal was obviously untimely. *See* Fed. R. App. P. (4)(b)(1); *e.g., United States v. Watson,* 623 F.3d 542, 546 (8th Cir. 2010). And it was filed more than 30 days after the 14-day appeal period expired, meaning that the Court's authority under Fed. R. App. P. 4(b)(4) to extend the time to file a notice of appeal for "excusable neglect" or "good

---

[1] The Court notes that the notice of appeal itself was dated April 3, and appears to have been postmarked on April 2, although the defendant has not met the procedural requisites of the prison mailbox rule. *See* Fed. R. App. P. 4(c)(1). The defendant's notice of appeal is too untimely for those few days to make a meaningful difference.

cause" has also ended. *See*, *United States v. Packett*, 125 Fed. Appx. 761, 761 (8th Cir. 2005); *United States v. Carter*, 990 F.2d 402, 403 (8th Cir. 1993).

  The defendant was permitted to proceed in this Court as one financially unable to obtain adequate defense. Filing 9. Therefore, he could proceed on appeal *in forma pauperis* without further authorization, unless the Court certifies that the appeal is not taken in good faith or finds that he is not otherwise entitled to proceed *in forma pauperis*. Fed. R. App. P. 24(a)(3). Because the defendant's notice of appeal is untimely, the Court certifies that the appeal is not taken in good faith and denies the defendant leave to proceed *in forma pauperis*. *Id.*

  The defendant has also filed a motion to vacate pursuant to 28 U.S.C. § 2255 (filing 56). The Court notes, for the sake of clarity, that the defendant's § 2255 motion is not affected by this order.

  IT IS ORDERED:

1. The Clerk of the Court shall not process the defendant's appeal.

2. The defendant may not proceed on appeal *in forma pauperis*.

3. The Clerk of the Court is directed to provide a copy of this order to the parties and to the Eighth Circuit Court of Appeals.

Dated this 8th day of April, 2014.

            BY THE COURT:

            *John M. Gerrard*
            John M. Gerrard
            United States District Judge