IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:13-CR-3009 |
| vs. | |
| LUIS JORDAN, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the Court upon initial review of the pro se motion to vacate under 28 U.S.C. § 2255 (filing 56) filed by the defendant, Luis Jordan. The motion was timely filed less than 1 year after the defendant's conviction became final. See § 2255(f). The Court's initial review is governed by Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

A § 2255 movant is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the movant is entitled to no relief. § 2255(b); *Sinisterra v. United States*, 600 F.3d 900, 906 (8th Cir. 2010). Accordingly, a motion to vacate under § 2255 may be summarily dismissed without a hearing if (1) the movant's allegations, accepted as true, would not entitle the movant to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact. *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995); see also *Sinisterra*, 600 F.3d at 906.

BACKGROUND

The defendant was charged by indictment with two counts of distributing 5 or more grams of methamphetamine (actual), and one count of possessing with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine. Filing 1. The defendant pled guilty, pursuant to a plea agreement, to one of the distribution charges. Filing 18; filing 19. And at his change of plea hearing, the defendant was advised of his rights, including but not limited to his right to remain silent, his right to plead not guilty, his right to a jury trial, his right to counsel, and his confrontation rights. Filing 23 at 7-9. He was advised of the nature of the charges and the potential penalties. Filing 23 at 3-4, 13-14. He was advised of the provision of the plea agreement waiving the right to appeal or collaterally attack the sentence. Filing 23 at 21-22. And he was questioned regarding his understanding of the plea agreement. Filing 23 at 17-23. He was also informed of the factual basis for the plea, and agreed with it. Filing 23 at 23-25. The defendant's petition to enter a guilty plea set forth the defendant's rights, in English and Spanish, and he indicated his understanding of them. Filing 18. The defendant agreed to waive his trial rights and plead guilty. Filing 23 at 9. The Court accepted the defendant's plea, finding that it was knowing, intelligent, and voluntary. Filing 24. The defendant was sentenced to 60 months' imprisonment, which was the mandatory minimum sentence for the offense. Filing 47 at 2; filing 48 at 1.

DISCUSSION

The defendant claims that his counsel was constitutionally ineffective. Specifically, he claims that his counsel was ineffective in failing to (1) advise him of his rights, (2) assure that there was a factual basis for the guilty plea, (3) provide him with an opportunity to allocute at sentencing, and (4) file a notice of appeal.

To establish a claim of ineffective assistance of counsel, the defendant must show that his attorney's performance was deficient and that this prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Deficient performance can be shown by demonstrating that counsel's performance fell below an objective standard of reasonableness. *Id.* at 688. However, the Court's scrutiny of counsel's performance is highly deferential, because the Court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689.

To satisfy the prejudice prong of *Strickland*, the defendant must show that counsel's error actually had an adverse effect on the defense. *Gregg v. United States,* 683 F.3d 941, 944 (8th Cir. 2012). The defendant must do more than show that the errors had some conceivable effect on the outcome of the

proceeding. *Id*. Rather, the defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Id*. A "reasonable probability" is less than "more likely than not," but it is more than a possibility; it must be sufficient to undermine confidence in the outcome of the case. *Paul v. United States*, 534 F.3d 832, 837 (8th Cir. 2008).

In the context of a challenge to a guilty plea, the deficient performance and prejudice are demonstrated if the defendant can prove that (1) his counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's alleged errors, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58–60 (1985); *Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1103 (8th Cir. 2011).

### FAILURE TO ADVISE OF RIGHTS

The defendant claims that he was not advised of his constitutional rights, pursuant to *Boykin v. Alabama*, 395 U.S. 238 (1969) and Fed. R. Crim. P. 11. Specifically, the defendant claims:

> The failure advise Petitioner of Boykin trial rights, guaranteed to him by the Fifth and Sixth amendments, resulted in an unknowing and involuntary guilty plea in violation of the Dur Process Clause of the Fifth Amendment. The failure to advise Petitioner pursuant to Rule 11 of the Federal Rules of Criminal Procedure resulted in an invalid guilty plea. The sentence should be vacate to allow petitioner if he so chooses, to enter a knowing, intelligent and voluntarily guilty plea pursuant to Fifth sixth amendment following the procedure set forth in Rule 11 of the Federal Rules of Criminal Procedure.

Filing 56 at 4. These allegations are contradicted by the record. As set forth above, the defendant was fully advised of his rights, and indicated his understanding of his rights in his petition to enter a guilty plea and at his change of plea hearing. Even if counsel had failed to inform the defendant of any of his constitutional rights, the defendant was not prejudiced because the Court ensured, pursuant to Rule 11, that the defendant was fully informed before accepting his plea. This claim can be summarily dismissed. *See Smith v. United States*, 677 F.2d 39, 41 (8th Cir. 1982).

### FACTUAL BASIS FOR GUILTY PLEA

The defendant claims there was no factual basis for his guilty plea. He contends that

- 3 -

> Defense counsel was ineffective by not assuring that there was an adequate factual basis for his guilty plea. The evidence waa insufficient to sustain the conviction. There is no direct or circumstantial evidence thta proves Petitioner's intent to knowingly participate in any conspiracy. A guilty plea is inappropriate where, as here, there is no evidence of a high probability of a subjective awereness of existence of illegal conduct, nor evidence of deliberate contrivance to avoild learing of the illegal conduct, therefore, the evidence supporting the conviction is insufficient and the sentence must be vacated.

Filing 56 at 5. This claim is also contradicted by the record.

To begin with, while it is true that there was no evidence that the defendant knowingly participated in a conspiracy, there did not need to be: the defendant was neither charged with nor convicted of conspiracy, nor were any conspiratorial activities reflected in the presentence investigation report. With respect to the factual basis for the defendant's actual conviction, in his petition to enter guilty plea, the defendant stated: "[o]n 11-4-11, in Nebraska, I knowingly sold over 5 grams of actual meth. I am very sorry for my behavior." Filing 18 at 12. At his change of plea hearing, under oath, he agreed that he had knowingly sold 13.79 grams of actual methamphetamine to a cooperating witness. Filing 23 at 24.

Those admissions are more than sufficient to establish a factual basis for the defendant's plea. There was no deficiency in the performance of counsel, nor any prejudice to the defendant.

### OPPORTUNITY TO ALLOCUTE

The defendant complains that he was purportedly not allowed to allocute at sentencing. He argues that counsel was ineffective by "not providing [him] an opportunity to allocute" and that the Court should vacate his sentence to permit him to allocute. Filing 56 at 7. He asserts that he was "not provided an opportunity to speak to the Court." Filing 56 at 7.

This contention is directly contradicted by the record. The Court expressly provided the defendant with an opportunity to address the Court at sentencing, and he did so. Filing 42 at 18:15 to 20:13. There was no deficiency in counsel's performance. It is also worth noting that the defendant could not have been prejudiced either: he was sentenced to the statutory minimum term of imprisonment. This claim can be summarily dismissed.

FAILURE TO APPEAL

The defendant claims that his counsel was ineffective in failing to file a notice of appeal. The defendant's argument, in its entirety, is that

> [t]here should be no question that counsel's representation fell below that objective standard of reasonableness, trial was ineffective and Petitioner suffered the consequences in not being able to appeal his conviction. Also, undoubtedly counsel's ineffectiveness was clearly prejudicial. Pursunt to Strickland's two-prong test, counsel's conduct is ineffective if his acts were outside the wide range of profesionally competent assistance. It is clearly established the due process clause of the Six Amendment and the right to counsel. The right extends to Petitioner direct appeal. As such trial's failure to file notice of appeal violated petitioner constitutional rights the principle by the Supreme Court therefore, the error should be corrected by issuing a out-of time direct appeal.

Filing 56 at 8. This claim can also be summarily dismissed.

An attorney's failure to file a notice of appeal upon the client's request constitutes ineffective assistance of counsel, and no specific showing of prejudice is required. *United States v. Sellner*, 773 F.3d 927, 930 (8th Cir. 2014). Even if the client waived his right to appeal as part of a plea agreement, prejudice is presumed if the client asked his attorney to file a notice of appeal and the attorney did not do so. *Id.*

But for such a claim to succeed, the defendant must show that he manifestly instructed his counsel to file an appeal. *Walking Eagle v. United States*, 742 F.3d 1079, 1082 (8th Cir. 2014). There is no rule requiring counsel to file an appeal without instructions to do so. *See Roe v. Flores–Ortega*, 528 U.S. 470, 478 (2000). And here, the defendant does not allege that he asked his counsel to file an appeal. Therefore, the defendant has not alleged facts showing deficient performance by counsel. *See United States v. Saucillo*, No. CR03-4018, 2007 WL 522228, at *2-4 (N.D. Iowa Feb. 14, 2007); *see also Shultz v. United States*, 205 F.3d 1347 (8th Cir. 1999) (unpublished table decision); *cf. Holloway v. United States*, 960 F.2d 1348, 1357-59 (8th Cir. 1992).[1] The defendant's allegations, accepted as true, do not entitle him to relief. *See Engelen*, 68 F.3d at 240.

---

[1] For the sake of completeness, the Court notes that the defendant has also not alleged any claim based on a failure of counsel to consult with him about an appeal. *See Flores-Ortega*, 528 U.S. at 479-80. There is nothing in the record or the defendant's motion to suggest that a rational defendant would want to appeal, or that the defendant demonstrated to counsel

CONCLUSION

The defendant's allegations either entitle him to no relief, or are contradicted by the record. Accordingly, his § 2255 motion will be summarily dismissed. A movant cannot appeal an adverse ruling on his § 2255 motion unless he is granted a certificate of appealability. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A certificate of appealability cannot be granted unless the movant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the movant must demonstrate that reasonable jurists would find the Court's assessment of the constitutional claims debatable or wrong. *Tennard v. Dretke,* 542 U.S. 274, 282 (2004); *see also Gonzalez v. Thaler,* 132 S. Ct. 641, 648 (2012).

In this case, the defendant has failed to make a substantial showing of the denial of a constitutional right. The Court is not persuaded that the issues raised are debatable among reasonable jurists, that a Court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the Court will not issue a certificate of appealability.

IT IS ORDERED:

1. The defendant's pro se motion to vacate under 28 U.S.C. § 2255 (filing 56) is denied.

2. The Court will not issue a certificate of appealability in this matter.

3. A separate judgment will be entered.

4. The Clerk is directed to mail a copy of this Memorandum and Order to the defendant at his last known address.

Dated this 21st day of April, 2015.

BY THE COURT:

John M. Gerrard
United States District Judge

---

that he was interested in appealing. *Id.* at 480. And the record demonstrates that the defendant was fully informed of his appellate rights, meaning he was not prejudiced. Filing 42 at 23:26 to 24:30; filing 43; *see Cobbett v. United States,* 43 F.3d 395, 396 (8th Cir. 1994).